# LUISA RIVERA

*v.*

# SUN ASSURANCE COMPANY.

---

San Juan, Law, No. 999.

INSTRUCTIONS TO THE JURY AS TO LIFE INSURANCE SUIT.

Jury — Duties.

    1. The general duties of juries in civil cases defined.

Burden of Proof—Defenses.

    2. The burden rests upon the plaintiff to prove his case; but when that is done, and the defendant sets up affirmative defenses, the burden is shifted to him to prove them.

NOTE.—On the question of innocent misrepresentation by insured as to health, see note in 53 L.R.A. 193. And as to the effect of honest mistake in answer as to health of insured, warranted by him to be true, see note in 15 L.R.A.(N.S.) 1277.

Rivera v. Sun Assurance Co.

Insurance—Examination.
> 3. If, upon an application for life insurance, some other than the real applicant is examined, this is a fraud, and avoids the policy issued.

Warranty—Tuberculosis.
> 4. If, under the warranties against tuberculosis in the application, the applicant or any member of his family is so afflicted, whether the applicant knows it or not, this avoids the policy.

Opinion filed January 30, 1914.

--------

*Mr. Willis Sweet* for plaintiff.

*Mr. Cayetano Coll y Cuchi* for defendant.

HAMILTON, Judge:

Gentlemen of the Jury:

This is a case of Luisa Rivera versus the Sun Life Assurance Company. It is a suit upon a contract. An insurance policy is nothing but a contract of a particular kind. The Sun Life Assurance Company in this contract agreed to pay to Luisa Rivera upon the death of Felix Rivera a certain sum of money, I believe $5,000.

The case turns exclusively, I think I may say, upon matters of fact, but I will not go very much into them, as you know the division of labor between yourselves as part of the court, and myself as the judge of the court, is that you determine the facts and I give you the law. There being very little necessity for a charge on the law, and nothing necessary from me on the facts, my remarks will be very brief.

Rivera v. Sun Assurance Co.

There are certain things you recollect in every case as to legal principles. The plaintiff must, for instance, prove his case. The plaintiff in this case is Luisa Rivera. She must prove her case. The defendant need do nothing except sit still. If the plaintiff does not prove her case, the case fails and you find for the defendant. That would be by a preponderance of evidence. If you are convinced as reasonable men that the facts occurred as alleged in the complaint, you would find for the plaintiff. If you are not convinced, you would find for the defendant. It is simply a matter of preponderance of the evidence, and not proof beyond a reasonable doubt. That applies only in criminal cases.

There is this further for me to tell you: You are the exclusive judges of the credibility of the witnesses. You saw these different witnesses on the stand. I make no comment on them one way or the other, but you can tell from their manner and from your knowledge of the people whether you would believe them or not. That is for you to say, and not for me. The court simply determines the question of admissibility, for instance, as to certain papers; whether under the law they should be admitted. That was done, and they are before you. You will consider only the papers and testimony that are before you.

It is only right to say that the plaintiff is an individual, and the defendant is a corporation. Of course you know, as a matter of law, that an individual and a corporation stand on an exact equality. You cannot find a verdict against a corporation because it is a corporation. It should be exactly the same as a case between two individuals. This is sometimes overlooked by juries, but I am satisfied it will not be by you.

So much then for the general principles which cover pretty much every case. As to this particular case, there is no question raised that a certain application was made in the name of Felix Rivera on the 29th of April of last year; none that a policy was issued by this company in favor of this plaintiff upon the life of Felix Rivera, I believe, the same day; none that on the 21st of July of the same year, about three months afterwards, Felix Rivera died. Those facts are pretty well proved before you, and to that extent the plaintiff has discharged the burden which is incumbent upon her to make out in the first instance her case.

On those facts, if there was nothing else, you would have to find for the plaintiff. The defense is, however, twofold. There may be other defenses also, but two stand out strikingly. They admit all those facts as proved, but the company says that while the application and the policy are nominally in the name of Felix Rivera, Felix Rivera was not examined. It was somebody else, somebody else was foisted upon the company for some reason. The reason would be immaterial, some fraudulent reason; and that is a counter allegation, you observe, a positive statement. Now the burden of proving that is upon the defendant. It does not rest upon the plaintiff to disprove what the defendant sets up. The plaintiff has prima facie proved her case.

The defendant sets up at least two affirmative defenses, and the burden is on the defendant, therefore, to prove one or both of those two defenses; so you see the case is a little different from what ordinarily comes up. It is here not exactly a matter of the plaintiff proving her case; it is a question of the defendant proving its defense in this particular instance. And this

Rivera v. Sun Assurance Co.

defense is, as already stated, that it was not Felix Rivera that was examined and accepted. As to that you are the judges of the evidence. If Felix Rivera came here,—it is immaterial for what reason he came here rather than going anywhere else, unless that is connected up with something else in the case,— if he came here and was properly examined and accepted by the company, that is all there is to it. The company has accepted him, and cannot go back on it; but if it was somebody else who said he was Felix Rivera, that is a fraud, and no court is organized to see a fraud carried through. No jury is sworn and impaneled to substantiate fraud, and no jury could. It is for you to say whether you think it was Felix Rivera under the circumstances of the case, or not. If it was, there is no question on that particular point that the case has been proved; but if that was not Felix Rivera who was examined, you would necessarily find for the defendant, because the company did not undertake to insure anybody except Felix Rivera. If somebody else was foisted on them, that is a fraud. As to this you will take into account all the circumstances of the case; whether the real Felix Rivera was seen coming this way; whether the handwriting of the real Felix agrees with that on the application, and weigh all the facts of the case.

Another defense, however, is this. Supposing it was Felix Rivera; that was not absolutely conclusive. You know the insurance business is a very useful one; one that all of us possibly are taking advantage of, and it has to be strongly guarded. There are certain rules agreed upon by nearly all insurance companies, and one is that they insure a man upon a physical examination, and also upon certain statements made by him as to his kindred. A company cannot examine a man's sister

and father and so on. It usually has to take the statements of the applicant himself, and a condition of this policy and of nearly all policies is that if a false statement is made as to certain things connected with one's kindred, that invalidates the policy. In other words, they would not be insuring a good risk. And it is really to the interest of the public that these warranties be carried out, because to the extent that frauds are perpetrated upon a company the fund available for insurance of you and everybody else is diminished. So you really have a public duty to perform, as well as a private one in this case. One of those warranties was that no member of the family had tuberculosis, and that the applicant did not have it.

It is for you to say whether it has been proved—and the burden of this is also upon the defendant—that there was tuberculosis in that family at the time of the application. If tuberculosis supervened after the application; if the evidence, for example, is that this plaintiff had tuberculosis seven months ago, or any number of months, and you find that that was after the application, there is no proof, then, that there is anything wrong with the application at all, because he could not guarantee that no member of his family was going to have tuberculosis. And it is for you to say whether it is proved to your satisfaction that the sister or any member of the family was suffering from tuberculosis at the time of this application. If such relative was so suffering, that would invalidate the policy, and I charge you, gentlemen, that it would not make any difference whether Felix knew that his sister had tuberculosis at that time or not. In other words, it is not necessary for him to tell an untruth; the policy is avoided if the statement happens to be false even without his knowledge. You see the point,—it

Rivera v. Sun Assurance Co.

is that the risk would be impaired. So it is for you to determine not what he knew, but what you know. Do you know and can you say that the defendant has proved that defense? That is to say, did the sister or anybody else directly connected with the family have tuberculosis on the 29th day of April, 1913? If you cannot say that, then you could not find for the defendant upon that defense. If you can say it, you would find for the defendant.

There is some testimony as to Felix himself having tuberculosis. The same ruling applies there. If he had it at that time, April 29th, it would be a breach of his warranty, and you would find for the defendant. It would not be necessary for Felix to know that he had it. If, however, you are not satisfied about that by a preponderance of the evidence; if you should conclude, for instance, that the doctors or witnesses who said that Felix had tuberculosis at that time had really examined his brother Pablo or somebody else, that would be a different matter. He would not himself have tuberculosis. At the same time if Pablo, his brother, had it on the 29th of last April, that would be a breach of the family warranty.

Another warranty, as I recollect the document, is that if Felix himself had been rejected by an insurance company on an application for another policy, even in the same company, and did not reveal that fact, it would be a fraud upon the company. This is also for you to say. If you find that that defense has been sustained, it would be your duty to find for the defendant.

A good deal has been said about a combination to defraud the defendant. The court charges you that it would make no difference whether there was a combination, or whether there was not. A combination means two or more people. If there

was a fraud perpetrated, it would invalidate the contract; whether by Felix himself, or by Felix and somebody else would make no difference.

So, gentlemen, the case is in your hands. If the plaintiff has proved her case, and the defendant has not sustained its defenses or any one of them, you would find for the plaintiff. On the other hand, if you conclude by a preponderance of the evidence before you that the defendant has sustained any one of the defenses it sets up, of not being the same man, consumption in the family, rejection, etc., you would have to find for the defendant.

You will now retire, gentlemen, and consider the evidence. You may take out with you the pleadings and the different pieces of written evidence. You will first select your foreman, and if you find for the plaintiff your foreman will sign this form: "We, the jury, find for the plaintiff and assess her damages in the sum of $————"—which must be the amount of the policy and interest from the time of legal proof, if you find that legal proof is furnished, or, if that is not satisfactorily in the evidence, then from the bringing of the suit. On the other hand, if you find for the defendant, your verdict will be in the usual simple form: "We, the jury, find for the defendant,"—signed in either case by your foreman.

The Court: Any exceptions, gentlemen, to the charge?

Mr. Coll y Cuchi: No, sir.